Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON                   1126
NICKOLAS A. KACPROWSKI        8627
KRISTIN L. HOLLAND            10063
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:  palston@ahfi.com
         nkacprowski@ahfi.com
         kholland@ahfi.com

Attorneys for Defendant
BANK OF HAWAI`I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LANDON ROBINSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>BANK OF HAWAI`I d/b/a BANKOH,<br><br>    Defendant. | Case No. CV 17-00072<br><br>**DEFENDANT BANK OF HAWAII'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(a)**; EXHIBIT 1; CERTIFICATE OF SERVICE |

970438v1 \ 7357-34

**DEFENDANT BANK OF HAWAII'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(a)**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI`I, AND THE CLERK OF COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a), Defendant Bank of Hawai`i ("BOH") hereby removes to this Court the pending State Court action described below:

1. Landon Robinson ("Plaintiff") commenced an action in the Circuit Court for the First Circuit of the State of Hawai`i, *Robinson v. Bank of Hawai`i*, Civil No. 17-1-0117-01 GWBC, (the "Action"). On January 20, 2017, Plaintiff filed a Complaint in the Action. The Complaint alleges two causes of action: (1) for violation of H.R.S. § 478 *et al.*; and (2) breach of contract.

2. Plaintiff contends with respect to the first cause of action that BOH charged him a "continuing negative balance" fee of $10 for each seven-day period that his account was overdrawn, and that the fee was "high, usurious, and illegal" allegedly in violation of H.R.S. § 478 *et al.* and its prohibitions against usury. (Ex. 1, Complaint, ¶¶ 18-20, 42-46.) Plaintiff contends with respect to the second cause of action that BOH breached its contract with Plaintiff by assessing the continuing negative balance fee when his account was overdrawn for less than seven days. (*Id.* ¶¶ 50-51.) Plaintiff seeks to represent two classes of individuals who are purportedly similarly situated.

3. BOH has not answered or otherwise responded to the complaint in state court. True and correct copies of all documents filed and served in the action are attached as Exhibit 1 in compliance with 28 U.S.C. § 1446(a).

## I. THE COURT HAS ORIGINAL JURISDICTION OVER THIS CASE PURSUANT TO 28 U.S.C. §§ 1331

4. The Action is a civil action over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And under § 1367(a), when district courts have original jurisdiction, they may exercise supplemental jurisdiction over claims that are "so related to the (plaintiff's) claims…that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (a).

5. Under the "complete preemption" doctrine, a complaint that alleges only state law causes of action may be removed to federal court where the "pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim…" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

6. Only a handful of federal statutes have been found to have sufficient preemptive force so as to completely preempt state law causes of action. One of them is the National Bank Act. 12 U.S.C. §§ 85 and 86. The U.S. Supreme

Court has held that the usury provisions of the National Bank Act supersede "the substantive and remedial provisions of state usury law" as applied to National Banks. *Beneficial Nat.'l Bank v. Anderson*, 539 U.S. 1, 11 (2003). The court held that "though the complaint makes no mention of federal law, it unquestionably and unambiguously claims that petitioners violated usury laws. This cause of action against national banks only arises under federal law and could, therefore, be removed under § 1441." *Id*.

       7.     BOH is not a national bank governed by the National Bank Act. It is a state-chartered, federally-insured bank that is regulated by the Federal Deposit Insurance Corporation. The Depository Institutions Deregulation and Monetary Control Act ("DIDA") applies to state-chartered, federally-insured banks. 12 U.S.C. § 1831d. Although the U.S. Supreme Court has not specifically ruled on the issue, multiple courts, including the District of Hawai`i, have held that DIDA § 1831d also completely preempts state usury law for state-chartered, federally-insured banks, because its usury provisions are substantively identical to those of the National Bank Act. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 295-96 (3d Cir. 2005); *Discover Bank v. Vaden*, 489 F.3d 594, 605-06 (4th Cir. 2007), *rev'd on other grounds*, 556 U.S. 49 (2009); *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 907 F. Supp. 2d 1188, 1213-14 (D. Haw. 2012), *rev'd on other grounds*, 761 F.3d 1027 (9th Cir. 2014). *See also Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 826-28 (1st Cir. 1992) (usury provisions of National

Bank and DIDA are substantively identical).  The Ninth Circuit has never ruled on the issue in a published opinion, but has implied in an unpublished case that DIDA completely preempts state usury laws.  *Cross-Country Bank v. Klussman*, No. 02-16058, 74 Fed. App. 796 (9th Cir. Sept. 8, 2003) (noting that "it appears that the rationale of the Supreme Court's decision in *Anderson* would extend to usury claims against state chartered, federal insured banks" and remanding to the district court to address the issue in the first instance.)[1]

8.      DIDA completely preempts Plaintiffs' state law usury claims because, like the claims at issue in *Anderson*, "though the complaint makes no mention of federal law, it unquestionably and unambiguously claims that petitioners violated usury laws…"  539 U.S. at 11.

9.      The District Court may exercise supplemental jurisdiction over Plaintiff's state law contract claim, because the claim is "so related to the [federal] claims…that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Claims form part of the same case or controversy when they "arise from a common nucleus of operative facts."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, Plaintiff's state and federal law claims all involve a nucleus of common facts

---

[1] *But see Thomas v. US Bank Nat.'l Ass'n ND*, 575 F.3d 794 (8th Cir. 2009) (holding DIDA did not completely preempt state usury claims and noting split of authority).

because they all concern Defendant's practices of charging fees for when a customer's account is in extended overdraft, and how those practices were applied to Plaintiff.  Indeed, both of Plaintiff's claims are based on a single $10 fee he was charged on August 22, 2016.  (Complaint ¶ 17.)  Accordingly, the Court may exercise supplemental jurisdiction over Plaintiff's state law contract claim.

## II.     REMOVAL TO THIS COURT IS TIMELY AND PROPER

10. This Action may be removed to this Court pursuant to 18 U.S.C. § 1441(a) because, as explained above, the District Court would have had original jurisdiction over it pursuant to 28 U.S.C. § 1331.

11. Removal is timely.  Defendant was served with a copy of the Summons and Complaint on January 27, 2017.  The Notice of Removal, therefore, has been filed within 30 days of Defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

12. Defendant has attached a copy of "all process, pleadings, and orders served upon such defendant" in this case.  28 U.S.C. § 1446(a).  The copies are attached as Exhibit 1.

13. Venue is proper in this district, as this is the geographic district where the state court action is pending, and because the events giving rise to the Action, as alleged in the Complaint, occurred in this district.

14. Defendant will promptly serve a copy of this notice on Plaintiff and will file a copy of this notice with the Clerk of the Circuit Court of the First Circuit, State of Hawai`i, as required by 28 U.S.C. § 1446(d).

15. By filing this notice, Defendant does not waive any defenses to the Complaint, and makes no admissions with respect to any allegation in the Complaint.

WHEREFORE, this Action is hereby removed to the United States District Court for the District of Hawai`i pursuant to 28 U.S.C. §§ 1441.

Dated: Honolulu, Hawai`i, February 17, 2017.

    /s/ Nickolas A. Kacprowski
PAUL ALSTON
NICKOLAS A. KACPROWSKI
KRISTIN L. HOLLAND

Attorneys for Defendant
BANK OF HAWAI`I