IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LANDON ROBINSON, individually    )    CIV. NO. 17-00072 HG-RLP
and on behalf of all others      )
similarly situated,              )
                                 )
              Plaintiff,         )
                                 )
         v.                      )
                                 )
BANK OF HAWAII, dba BANKOH,      )
                                 )
              Defendant.         )
                                 )
                                 )

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 17)**


     Plaintiff Landon Robinson filed a proposed class action

complaint in the Circuit Court for the First Circuit of the

State of Hawaii.  The Complaint states two claims against Bank

of Hawaii.  First, Plaintiff alleges a violation of Hawaii

state usury law.  Second, Plaintiff alleges a claim for breach

of contract.

     Defendant Bank of Hawaii, a federally-insured state-

chartered bank, removed the case to federal court.  Defendant

argues there is federal question subject-matter jurisdiction.

Defendant claims federal law provides the exclusive remedy for

usury claims against state-chartered banks.

     Plaintiff filed a motion to remand the case to Hawaii

State Court on the basis that there is no federal question

stated in his Complaint.

Plaintiff's Motion to Remand (ECF No. 17) is **GRANTED**.

## PROCEDURAL HISTORY

On January 20, 2017, Plaintiff filed his action as a proposed class action complaint in the Circuit Court for the First Circuit of the State of Hawaii. (Complaint, attached as Exhibit 1 to Bank of Hawaii's Notice of Removal, at p. 6, ECF No. 1-1).

On February 17, 2017, Defendant filed DEFENDANT BANK OF HAWAII'S NOTICE OF REMOVAL OF A CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(a). (ECF No. 1).

On March 16, 2017, Plaintiff filed a MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c). (ECF No. 17).

On April 7, 2017, Defendant filed DEFENDANT BANK OF HAWAII'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND. (ECF No. 23).

On April 24, 2017, Plaintiff filed his Reply. (ECF No. 24).

On May 16, 2017, Plaintiff filed a letter regarding additional uncited authority. (ECF No. 25).

On May 25, 2017, a hearing was held on Plaintiff's Motion to Remand before the Honorable Judge Helen Gillmor. (ECF No.

26).

## BACKGROUND

Plaintiff had a checking account with Bank of Hawaii. Plaintiff claims certain fees were charged to his account because he overdrew his account.

Bank of Hawaii's Consumer Deposit Account Agreement ("Account Agreement") allows for a customer to overdraw his account. (Account Agreement, attached as Exhibit A to Complaint, p. 16, ECF No. 1-1). An account is overdrawn when a customer spends more money than what is available in his account and the account balance goes below zero. (Id. at p. 33).

Bank of Hawaii may charge a customer an initial "Overdraft Fee" of $26 for attempting to overdraw the account. (Id.) The Account Agreement allows Bank of Hawaii to pay the amount of the overdraft on behalf of the customer. (Id.) The terms require the customer to repay the amount of the overdraft promptly. (Id.)

The Account Agreement allows Bank of Hawaii to charge a $10 "Continuing Negative Balance Fee" if an account has a negative balance for seven consecutive days. (Id.) The Agreement also allows Bank of Hawaii to charge a "Continuing

Negative Balance fee for each seven-day period that [an] account remains in a negative balance condition at the end of each day."  (Id.)

Plaintiff states that on August 16 or 17, 2016, he overdrew his account.  (Complaint, attached as Exhibit 1 to Bank of Hawaii's Notice of Removal, at p. 6, ECF No. 1-1).  On August 16, 2016, Plaintiff was charged a $26 "Overdraft Fee." (Id. at p. 7).

From August 16, 2016 to August 22, 2016, Plaintiff's account balance fluctuated from negative $8.43 to negative $346.48.  (Id.)  Plaintiff alleges that Bank of Hawaii charged him a "Continuing Negative Balance Fee" of $10 on August 22, 2016.  (Id.)

Plaintiff argues that the "Continuing Negative Balance Fee"  is interest on money that the bank loaned to him to fund his overdrawn account.  (Id. at p. 10).  Plaintiff claims that $10 of interest charged to his account over a seven-day period violates Hawaii Revised Statutes Chapter 478, which limits the amount of interest that can be charged on a loan.  (Id. at p. 11).  Plaintiff claims that Bank of Hawaii breached the contract of the Account Agreement by charging the "Continuing Negative Balance Fee" before the seven-day period established in the contract. (Id. at p. 13).

Defendant Bank of Hawaii removed the case to federal District Court on the basis that there is federal question subject-matter jurisdiction.  Bank of Hawaii claims federal law completely preempts state laws regarding usury.  (Notice of Removal, at pp. 3-6, ECF No. 1).  Defendant argues that supplemental jurisdiction is proper for the breach of contract claim.  (Id. at pp. 5-6).

Plaintiff filed a motion to remand, arguing that complete preemption does not apply in this situation.  (Motion to Remand, at pp. 5-15, ECF No. 17).

## STANDARD OF REVIEW

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal of a civil action from state court to the appropriate federal district court is permissible if the federal district court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  A motion to remand may be brought to challenge the removal of an action from state to federal court.  28 U.S.C. § 1447(c).

There is a strong presumption against removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The statute

authorizing removal is strictly construed, and the removing

party has the burden of establishing that removal was proper.

Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244

(9th Cir. 2009).

Absent diversity jurisdiction, removal is proper if a

federal question is apparent on the face of the plaintiff's

well-pleaded complaint.  Caterpillar, Inc. v. Williams, 482

U.S. 386, 392 (1987).  The well-pleaded complaint rule makes

the plaintiff the master of the claim, able to avoid federal

jurisdiction by relying exclusively on state law.  Id.

An exception to the well-pleaded complaint rule exists

when a federal statute wholly displaces state law and provides

the exclusive cause of action for a plaintiff's requested

relief.  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64

(1987).  In such cases, federal law "completely preempts"

state law claims.  Hawaii ex rel. Louie v. HSBC Bank Nevada,

N.A., 761 F.3d 1027, 1034 (9th Cir. 2014).

## ANALYSIS

Plaintiff filed a Complaint in Hawaii State Court

alleging state law claims against Bank of Hawaii.  The

Complaint asserts two counts: (1) a violation of Hawaii state

usury law; and, (2) a breach of contract claim.

Defendant removed the Complaint to federal court and

argues that removal is proper.  Defendant asserts that
Plaintiff's state law usury claims are completely preempted by
federal law.  Defendant argues there is supplemental
jurisdiction as to the breach of contract claim.  Supplemental
jurisdiction as to the breach of contract claims is contingent
on federal jurisdiction over the usury claims.  28 U.S.C. §
1367.

Plaintiff seeks remand.  He argues he has only alleged
state law causes of action.  He denies there is preemption by
federal law.


I.    **PREEMPTION**

The preemption doctrine is rooted in the Supremacy Clause
of the United States Constitution.  U.S. CONST. ART. VI., cl.
2.  Pursuant to the Supremacy Clause, the United States
Congress has the power to preempt state law.  <u>Montalvo v.
Spirit Airlines</u>, 508 F.3d 464, 470 (9th Cir. 2007).

Complete preemption arises only in extraordinary
situations.  <u>Ansley v. Ameriquest Mortg. Co.</u>, 340 F.3d 858,
862 (9th Cir. 2003) (citing <u>Wayne v. DHL Worldwide Express</u>,
294 F.3d 1179, 1183-84 (9th Cir. 2002)).  Complete preemption
exists when Congress intended the scope of federal law to be

so broad as to entirely replace any state law claim.  Retail
Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768
F.3d 938, 947 (9th Cir. 2014).  Complete preemption applies
only where a federal statutory scheme is so comprehensive that
it entirely supplants state law causes of action.  Id.

The test for complete preemption is whether Congress
clearly manifested an intent to convert state law claims into
federal question claims.  Wayne, 294 F.3d at 1184.  Courts
examine the statutory text to determine if Congress intended
for the federal statute to provide the exclusive remedy so as
to create federal jurisdiction.  Ansley, 340 F.3d at 862-64.

The United States Supreme Court has held that complete
preemption by federal law applies to claims of usury against
national banks under Sections 85 and 86 of the National Bank
Act.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 11
(2003).  The United States Supreme Court has not addressed if
federal law completely preempts claims of usury against
federally-insured state-chartered banks.

Defendant argues that another statute, Section 521 of the
Depository Institutions Deregulation and Monetary Control Act
("DIDA"), completely preempts claims of usury against
federally-insured state-chartered banks.  Section 521 of DIDA
governs interest rates for federally-insured state-chartered

banks.  12 U.S.C. § 1831d(a).

Defendant argues that because the National Bank Act completely preempts state usury claims against federally-chartered banks, it follows that Section 521 of DIDA should completely preempt Plaintiff's state law usury claim against Defendant, a state-chartered bank.

Plaintiff argues that remand is required.  Plaintiff asserts that his state law usury claim is not completely preempted by Section 521 of DIDA.  Plaintiff contends that Section 521 of DIDA has a limiting clause that distinguishes it from Sections 85 and 86 of the National Bank Act.


## II.  SECTION 521 OF DIDA DOES NOT CREATE COMPLETE PREEMPTION

The United States Supreme Court has not decided if Section 521 of DIDA completely preempts state law usury claims against state-chartered banks.  Vaden v. Discover Bank, 556 U.S. 49, 56 n.4 (2009).  There is a split in authority among the United States Circuit Courts of Appeals that have considered the issue.  The Ninth Circuit Court of Appeals has not ruled on the issue.

A review of the text of Section 521 of DIDA demonstrates that Congress did not intend for federal law to provide the

exclusive remedy for state law usury claims against state-

chartered banks.  The opinion of the United States Eighth

Circuit Court of Appeals in the <u>Thomas v. US Bank Nat.'l Ass'n</u>

<u>ND</u>, 575 F.3d 794, 797 (8th Cir. 2009) provides a well-reasoned

interpretation of the law.  <u>Thomas</u> appropriately applies the

rules of statutory construction in analyzing Section 521 of

DIDA.  See <u>id.</u> at 797-800.

The starting point in interpreting a statute is its

language.  <u>United States v. Turner</u>, 689 F.3d 1117, 1119 (9th

Cir. 2012).  There is no need for further interpretation if

the intent of Congress is clear from the language of the

statute.  <u>Id.</u>  Section 521(a) of DIDA establishes the maximum

interest rate for loans made by state-chartered, federally-

insured banks.  <u>See</u> 12 U.S.C. § 1831d(a).  The statute

provides:

> In order to prevent discrimination against
> State-chartered insured depository institutions,
> including insured savings banks, or insured branches
> of foreign banks with respect to interest rates, if
> the applicable rate prescribed in this subsection
> exceeds the rate such State bank or insured branch
> of a foreign bank would be permitted to charge in
> the absence of this subsection, such State bank or
> such insured branch of a foreign bank may,
> notwithstanding any State constitution or statute
> which is hereby preempted for the purposes of this
> section, take, receive, reserve, and charge on any
> loan or discount made, or upon any note, bill of
> exchange, or other evidence of debt, interest at a
> rate of not more than 1 per centum in excess of the
> discount rate on ninety-day commercial paper in

10

effect at the Federal Reserve bank in the Federal
Reserve district where such State bank or such
insured branch of a foreign bank is located or at
the rate allowed by the laws of the State,
territory, or district where the bank is located,
whichever may be greater.

12 U.S.C. § 1831d(a).

Section 521(b) of DIDA sets forth the remedy available to

borrowers who are charged rates in excess of the limits

established in Section 521(a).  See 12 U.S.C. § 1831d(b).  The

text of DIDA § 521(b) provides:

If the rate prescribed in subsection (a) of this
section exceeds the rate such State bank or such
insured branch of a foreign bank would be permitted
to charge in the absence of this section, and such
State fixed rate is thereby preempted by the rate
described in subsection (a) of this section, the
taking, receiving, reserving, or charging a greater
rate of interest than is allowed by subsection (a)
of this section, when knowingly done, shall be
deemed a forfeiture of the entire interest which the
note, bill, or other evidence of debt carries with
it, or which has been agreed to be paid thereon. If
such greater rate of interest has been paid, the
person who paid it may recover in a civil action
commenced in a court of appropriate jurisdiction not
later than two years after the date of such payment,
an amount equal to twice the amount of the interest
paid from such State bank or such insured branch of
a foreign bank taking, receiving, reserving, or
charging such interest.

12 U.S.C. § 1831d(b).

The text of the statute clearly limits when the statute

is applicable: "**if** the applicable rate prescribed in this

subsection exceeds the rate [a] State bank ... would be

11

permitted to charge in the absence of this subsection...."
Id.  Section 521(a) of DIDA only applies if the federal rate
exceeds the state-law rate.  Id.  Federal law does not apply
when the state law allows for state-chartered banks to charge
a higher interest rate than what is prescribed by the federal
law in Section 521.  Id.

The limiting language is repeated in Section 521(b) of
DIDA, which sets forth the available remedy: "**If** the rate
prescribed in subsection (a) of this section exceeds the rate
[a] State bank ... would be permitted to charge in the absence
of this section ...."  12 U.S.C. § 1831d(b).  The remedy
available pursuant to Section 521(b) applies if the federal
rate exceeds the state law rate.  Id.

A findings and recommendation issued by a Magistrate
Judge in the District Court for the District of Hawaii agrees
with the holding here.  In Robinson v. First Hawaiian Bank,
Civ. No. 17-00105DKW-RLP, the Magistrate Judge issued a
findings and recommendation that determined that Section 521
of DIDA does not completely preempt state law usury claims
against state-chartered banks.  (Dkt. No. 17-00105DKW-RLP, ECF
No. 27).

Complete preemption is limited to situations where
Congress intended to provide the exclusive cause of action.

12

Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).

Congress expressly limited the application of Section 521 of

DIDA to situations where the maximum federal rate exceeds the

maximum state rate.  See 12 U.S.C. § 1831d.  The limiting

language contained in Section 521 does not reflect an intent

by Congress to convert all state law usury claims into federal

question causes of action.  Federal law does not apply when

state law allows for state-chartered banks to charge a higher

interest rate than what is prescribed by the federal law in

Section 521 of DIDA.

Defendant's arguments in opposition to remand are

unpersuasive.  Defendant relies, in part, on a statement in

dicta in an unpublished decision of the Ninth Circuit Court of

Appeals in Cross-Country Bank v. Klussman, 74 Fed. Appx. 796,

797 (9th Cir. 2003).  In the unpublished decision, the Ninth

Circuit Court of Appeals stated that there is a possibility

that Section 521 of DIDA completely preempts state law usury

claims against state-chartered banks.  (Id.)  The appellate

court stated that the rationale of the United States Supreme

Court's decision in Beneficial National Bank v. Anderson, 539

U.S. 1 (2003) [in which the Supreme Court found complete

preemption of state law usury claims against federally

chartered banks under the National Bank Act] may be extended

13

to completely preempt such claims against state-chartered banks.  Cross-Country Bank, 74 Fed. Appx. at 797.    The Ninth Circuit Court of Appeals ultimately declined to rule of the issue.  The appeals court stated, "[w]hile it appears that the rationale of the Supreme Court's decision in Anderson would extend to usury claims against state chartered, federally insured banks, we do not decide this question."  Id.  The statement, in dicta, is not precedent.

The issue of complete preemption pursuant to Section 521 of DIDA was previously raised in this District.  In Hawaii ex rel. Louie v. JP Morgan Chase & Co., 907 F.Supp.2d 1188, 1213-14 (D. Haw. 2012), the district court found that DIDA completely preempted the plaintiffs' claims.  The decision did not include any discussion of Congressional intent reflected in the statutory language of Section 521 of DIDA.  Id.  On appeal, the decision was reversed.  The Ninth Circuit Court of Appeals found that complete preemption did not apply because the plaintiffs were not asserting claims regarding interest. Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1037-38 (9th Cir. 2014).

Defendant argues that Section 521 of DIDA should be interpreted in line with the analyses of the First, Third, and Fourth Circuit Courts of Appeals.  Defendant relies on these

14

cases in support of its position that Section 521 of DIDA
should be interpreted the same way as the National Bank Act.
(See Defendant's Opposition to Plaintiff's Motion to Remand at
pp.1-2, ECF No. 23).

The reasoning in the non-binding authority is
unpersuasive. The cases cited by the Defendant do not address
the differences in the text between Section 521 of DIDA and
the National Bank Act. The cases do not address the limiting
clause contained in Section 521 of DIDA. See In re Community
Bank of No. VA, 418 F.3d 277, 294-96 (3rd Cir. 2005); Discover
Bank v. Vaden, 489 F.3d 594, 603-07 (4th Cir. 2007), rev'd on
other grounds, 556 U.S. 49 (2009); Greenwood Trust Co., v.
Commonwealth of Mass., 971 F.2d 818, 822-25 (1st Cir. 1992)
(discussing if Section 521 of DIDA is express or implied
preemption, not complete preemption).

Section 521 of DIDA does not completely preempt state law
usury claims against state-chartered banks. DIDA does not
provide the basis for federal question jurisdiction in this
case. There are no federal law causes of action in the
Complaint. Remand is required.

## CONCLUSION

Plaintiff Landon Robinson's Motion to  Remand (ECF No.
17) is **GRANTED.**

The case and all files herein are **REMANDED** to the Circuit

Court of the First Circuit, State of Hawaii for further

proceedings.


IT IS SO ORDERED.

DATED: July 7, 2017, Honolulu, Hawaii.



_____

Helen Gillmor
United States District Judge

Landon Robinson, individually and on behalf of all others
similarly situated, v. Bank of Hawaii, dba Bankoh, Civ. No.
17-00072HG-RLP; **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
(ECF No. 17)**                            16